**Frank L. SHERMAN and Bertha J. Sherman, Plaintiffs-Appellants,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, INC., Defendant-Appellee.**

**No. 84CA0010.**

Colorado Court of Appeals,
Div. III.

Jan. 2, 1986.

Rehearing Denied Feb. 20, 1986.

Ott, Kirkwood, and Cronan, Edward L. Kirkwood, Denver, for plaintiffs-appellants.

Hall & Evans, Michael W. Jones, Alan Epstein, Denver, for defendant-appellee.

TURSI, Judge.

Frank and Bertha Sherman appeal a judgment of the trial court in which it found that the damage to their house consists only of settling and cracking and is, therefore, not covered by their insurance policy. We reverse.

In a previous appeal in this action, *Sherman v. Safeco Insurance Co. of America*, 670 P.2d 16 (Colo.App.1983), we held that the "collapse" of a building need not be total to come within the meaning of that term set forth in *Higgins v. Connecticut Fire Insurance Co.*, 163 Colo. 292, 430 P.2d 479 (1967).

The Shermans' insurance policy allows recovery "for the collapse of a building or any part thereof" but not for damage consisting only of "settling, cracking, shrink-age, bulging, or expansion." In *Sherman, supra,* we directed that on remand "the trial court must resolve any remaining factual issues concerning whether these conditions constituted the sole damage to the structure or its parts." The trial court found on rehearing that these excluded conditions constituted the sole damage to the house. We conclude the record does not support this finding.

In *Higgins, supra,* it was noted:

"The walls of Higgins' building had small cracks in them as did portions of the concrete foundation in the lower floor, but there had been no falling in or loss of shape of the building.... Plaintiff's entire family continued to live in the house safely and comfortably."

Here, according to undisputed testimony, the masonry work supporting the sill plate had cracked, which allowed for the complete release of the sill plate. The roof had fallen more than two and one-half feet, producing a marked sag in the roof line. The upper tiers of bricks on the two supporting walls had fallen out, and the walls were bowed out. This condition was, as a matter of law, a "collapse" within the meaning of that term in Shermans' insurance policy. *See Higgins, supra.*

The judgment is reversed and the cause is remanded for determination of damage and entry of judgment consistent with this opinion.

KELLY and METZGER, JJ., concur.